UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SERVIDIO LANDSCAPING, LLC, et al, )<br>*Plaintiffs*, )<br> )<br>v. )<br> )<br>CITY OF STAMFORD, et al, )<br>*Defendants*. ) | 3:19-CV-01473 (KAD)<br><br><br><br><br><br>December 9, 2020 |

**MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS (ECF NO. 11)**

Kari A. Dooley, United States District Judge

This action appears to be the latest chapter in a long-running dispute between the Plaintiffs and the Defendants. Plaintiffs Servidio Landscaping, LLC ("Servidio Landscaping"), John Servidio ("Mr. Servidio") and Rosanna Servidio ("Mrs. Servidio" and, collectively, "Plaintiffs") bring this action pursuant to 42 U.S.C. § 1983 against the Defendants City of Stamford, James J. Lunney III, Stamford's Zoning Enforcement Officer, Ralph Blessing, Stamford's Land Use Bureau Chief, David R. Martin, Mayor of Stamford, Dennis W. Patterson, Anabel D. Figueroa, and John R. Zelinsky, representatives on Stamford's Board of Representatives (collectively, "Defendants") arising out of, principally, the Defendants efforts to enforce the City of Stamford's land use regulations with respect to the Plaintiffs' property. Plaintiffs assert that the Defendants violated their rights under both the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. Plaintiffs also assert a state law claim of tortious interference with business expectancies. Pending before the Court is Defendants' motion to dismiss all three causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion to dismiss is GRANTED in part and the Court declines to exercise supplemental jurisdiction over the state law claim.

**Background and Procedural History**

The following is alleged in Plaintiffs' complaint. At all relevant times, Servidio Landscaping was a company that provided construction, demolition and excavating services in Connecticut and Stamford in particular. Mr. Servidio was the principal member of Servidio Landscaping and managed its day-to-day operations. Mr. and Mrs. Servidio jointly owned an empty parcel of property located at 796-800 Cove Road in Stamford (hereinafter, the "Cove Road Property") located in a Commercial Neighborhood Business Zone (i.e., a "C-N Zone").

At various times, Stamford, through Defendant Lunney, issued cease and desist notices to the Servidios alleging that their use of the Cove Road Property was not permitted in a C-N Zone. Accordingly, on October 10, 2017, Stamford commenced an action in Connecticut Superior Court against the Servidios (the "State Court Action") seeking a permanent injunction requiring the Servidios to comply with the cease and desist orders and for monetary compensation. Thereafter, on March 21, 2018, the State Court Action resolved through a jointly filed Stipulation for Judgment. However, on May 31, 2018, Defendants Stamford and Lunney filed a motion for contempt against the Servidios in the State Court Action for their alleged impermissible use of the Cove Road Property as a "contractor's yard" rather than as a permissible garden supplies center as was contemplated under the Stipulated Judgment. Plaintiffs assert however that their use of the Cove Road Property did not change between March 21, 2018, when the Stipulation for Judgment was filed, and May 31, 2018, when Defendants Stamford and Lunney moved for contempt. Connecticut Superior Court Judge Kevin Tierney conducted a two-day evidentiary hearing on December 4, 2018 and January 6, 2019 on the motion for contempt. And, on May 7, 2019, Judge Tierney found that the Servidios were not in contempt of the Stipulation for Judgment on the specific dates alleged.

However, even after Judge Tierney's denial of their motion for contempt, Defendants Stamford and/or Lunney continued to issue various violation letters and cease and desists orders concerning the Servidios' use of the Cove Road Property. Plaintiffs allege that such letters and orders were "arbitrary, capricious, willful, baseless, meritless, pretextual, in bad faith, improperly motivated, intended to harass, and as a result of the personal animus of the Defendants herein for the Servidios." (ECF No. 1 ¶ 26). Plaintiffs further allege that the letters and orders, including the motion for contempt, were issued by Defendant Stamford "in a manner that [was] intentionally selective, detrimental and less favorable in relation to other similarly situated property owners within the City of Stamford[.]" (*Id*. ¶ 27). Plaintiffs also claim that Defendant Stamford "has substantively deprived and interfered with the Servidios' lawful use and economic benefit of their Cove Road Property . . . including any business expectations and opportunities related to the property, resulting in a significant loss of revenue, income and profits, as well as a diminution in value of the property itself." (*Id*. ¶¶ 28–29).

Additionally, Plaintiffs assert that Defendant Stamford intentionally treated municipal permits and/or licenses submitted by Plaintiff Servidio Landscaping, or others who expressed a desire to utilize its services, less favorably than those submitted by other similarly situated contractors within Stamford. Plaintiffs allege that Defendants' actions in this regard were "arbitrary, capricious, willful, baseless, meritless, pretextual, in bad faith, improperly motivated, intended to harass, and as a result of the personal animus" Defendants have toward the Servidios. (*Id*. ¶ 31). As with the cease and desist orders, Plaintiffs allege that Defendant Stamford's denial of permits and licenses "substantively deprived and interfered" with Plaintiff Servidio Landscaping's general economic activities and well-being. (*Id*. ¶ 32).

Plaintiffs also allege that "each of the named Defendants herein have acted in concert with one another, and each such Defendants have individually and actively aided, abetted, assisted, directed, supervised, controlled and participated in the City's issuance of various violation letters and cease and desist orders concerning the Servidios' use of the Cove Road Property, as well as the filing of the motion for contempt in the State Court Action [and] the City's thwarting, disparaging, discouraging, interfering with, obstructing, delaying or outright denying applications or requests for municipal permits and/or licenses[.]" (*Id*. ¶¶ 33–34). Lastly, Plaintiffs allege that "Defendants have used their access to the media to attempt to publicly disparage and discredit the Servidios and Servidio Landscaping within the Stamford community." (*Id*. ¶ 37).

Based on the foregoing allegations, Plaintiffs first allege that Defendants violated the Equal Protection Clause of the Fourteenth Amendment insofar as the Defendants have "enforced the City's zoning and building ordinances, regulations and requirements against the Plaintiffs in a selective manner that is wholly arbitrary, irrational, and capricious such that the Plaintiffs were treated differently, without a legitimate government purpose, from other similarly situated individuals and property owners." (*Id*. ¶ 40). Second, Plaintiffs allege that Defendants violated the Due Process Clause of the Fourteenth Amendment insofar as "[t]he arbitrary, irrational, and discriminatory actions of the Defendants . . . have denied the Plaintiffs their right to due process of law by wrongfully depriving Plaintiffs of their protected property interest in the ownership and development of their property and business." (*Id*. ¶ 47). Lastly, Plaintiffs bring a third cause of action pursuant to state law for tortious interference with their business expectations.

On November 18, 2019, Defendants moved to dismiss Plaintiffs' complaint in its entirety asserting that (1) "Plaintiffs have failed to state a plausible equal-protection claim because they have not identified any similarly situated comparators who were treated differently from them.";

(2) Plaintiffs "have failed to state a plausible due-process claim because they do not plausibly allege that Defendants maliciously interfered with a cognizable property interest," and even if they have so alleged, the Substantive Due Process claim is subsumed by the Equal Protection claim; (3) the federal claims should be dismissed as to individual "Defendants Martin, Blessing, Paterson, Figueroa, and Zelinsky because the Complaint contains [no] allegations that these defendants were personally involved in the alleged deprivations."; and (4) the state-law claim for tortious interference should be dismissed because (a) Defendants are immune from liability under state law and (b) "Plaintiffs have not plausibly alleged that Defendants' intentionally interfered with a particular business relationship or expectancy." (ECF No. 11 at 1–2). On January 16, 2020, Plaintiffs filed their opposition to the motion and Defendants filed a reply on February 10, 2020. For the following reasons, the Defendants' motion to dismiss is GRANTED in part and the Court declines to exercise supplemental jurisdiction over the state law claim.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded

5

factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Discussion**

### Equal Protection

Plaintiffs allege that Defendants violated the Equal Protection Clause through selective enforcement of zoning regulations and unfavorable permitting decisions, which Plaintiffs allege were motivated by malice and personal animus towards the Plaintiffs. There are two "distinct pathways for proving a non-class-based Equal Protection violation." *Hu v. City of New York*, 927 F.3d 81, 93. (2d Cir. 2019). First, under a selective treatment theory, Plaintiffs must show that "(1) the [Plaintiffs], compared with others similarly situated, [were] selectively treated; and (2) that such selective treatment was based on impermissible considerations such as . . . malicious or bad faith intent to injure a person." *LeClair v. Saunders*, 627 F.2d 606, 609–10 (2d Cir. 1980) (hereinafter, a "*LeClair* claim"). "Impermissible considerations" include "discrimination on the basis of a defendant's personal malice or ill will towards a plaintiff." *Hu*, 927 F.3d at 91. The Supreme Court has also "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges [(1)] that she has been intentionally treated differently from others similarly situated and [(2)] that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (*per curiam*) (hereinafter, an "*Olech* claim").

Here, Plaintiffs bring a *LeClair* claim against Defendants.[1] Unlike an *Olech* claim, a malice-based *LeClair* claim requires "proof of a defendant's subjective ill will towards a plaintiff." *Hu*, 927 F.3d at 93. And "[w]hile *Olech* [claims] require[] an 'extremely high' degree of similarity

---

[1] Although Plaintiffs include conclusory allegations that the Defendants acted arbitrarily and irrationally, the Plaintiffs do not appear to assert an *Olech* claim in their complaint and neither do they argue one in their opposition to Defendants' motion to dismiss.

6

between a plaintiff and comparator, *LeClair* [claims] merely require[] a 'reasonably close resemblance' between a plaintiff's and comparator's circumstances." *Id*. Under the "reasonably close resemblance" standard of similarity, "[a] plaintiff can prevail by showing that she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Id*. at 96 (internal quotation marks and citations omitted). But "[t]o prevail under either theory of Equal Protection, a plaintiff must specify at least one instance in which he was treated differently from another similarly situated." *Id*. at 101. While courts are "cautioned against deciding whether two comparators are similarly situated on a motion to dismiss," *id*. at 97, a general allegation that plaintiffs were treated differently from those similarly situated is insufficient to survive a motion to dismiss, *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (noting that the Supreme Court's decision in *Iqbal*, 556 U.S. at 679, requiring "a complaint allege facts sufficient to establish 'a plausible claim for relief'" rendered the Second Circuit's decision in *DeMuria v. Hawkes*, 328 F.3d 704, 707 (2d Cir. 2003) obsolete insofar as it held that an *Olech* claim was "adequately pled . . . even without specification of others similarly situated"). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In *Hu*, plaintiffs, who were Asian-owned companies and an Asian construction worker, alleged that defendant-Assistant Chief Inspector of the New York City Department of Buildings, among others, "selectively enforced the City's building codes on the basis of racial animus against Asians and personal animus against [the individual plaintiff]." 927 F. 3d at 86. On the issue of selective treatment compared to others, the plaintiffs alleged, in part, that the defendant "issued them a violation for having a pool of water on the 34th Avenue Jobsite," while he did not issue a

violation to white workers performing work next to a pool of water at the same jobsite sometime later. *Id*. at 96 (internal quotation marks omitted). The Second Circuit reversed the district court's dismissal of the *LeClair* claim and held that the "plaintiffs . . . satisfied the standard of plausibility by alleging differential treatment by the same defendant . . . for the same conduct (having a pool of standing water) at the same jobsite (the 34th Avenue Jobsite)." *Id*. at 97. In reaching this conclusion, the court noted, "[a]dmittedly, the question of whether these factual allegations plausibly support a *LeClair* claim is a close one. The plaintiffs have certainly not made it easy for this court to conclude that they bear a reasonably close resemblance to the white workers at the 34th Avenue Jobsite." *Id*. at 99.

Here, Plaintiffs do not identify a single specific comparator, individual or corporation that is allegedly similarly situated to the Plaintiffs. They offer only broad stroke, wholly conclusory assertions.[2] In this vein then, Plaintiffs' complaint is bereft of factual allegations which would establish that they are entitled to relief under the Equal Protection Clause. *See Iqbal*, 556 U.S. at 678 (Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth.).

Plaintiffs' reliance on *Karout v. McBride* is misplaced. No. 3:11CV1148 JBA, 2012 WL 4344314, (D. Conn. Sept. 21, 2012). There, the plaintiff, a hookah lounge operator, sued the City

---

[2] On this issue, the Complaint contains the following allegations: (1) "the City has treated the Servidios in a manner that is intentionally selective, detrimental and less favorable in relation to *other similarly situated property owners within the City of Stamford*, by issuing various violation letters and cease and desist orders concerning the Servidios' use of the Cove Road Property, as well as filing the motion for contempt in the State Court Action;" (2) "the City has treated any municipal permits and/or licenses which have been filed by either Servidio Landscaping, or entities or individuals who have expressed a desire to utilize the services of Servidio Landscaping in relation to the subject work, in a manner that is intentionally selective, detrimental and less favorable in relation to *other similarly situated contractors and licensed entities within the City of Stamford*;" and (3) "The Defendants . . . have intentionally, or with reckless indifference to the Plaintiffs' federally protected rights, enforced the City's zoning and building ordinances, regulations and requirements against the Plaintiffs in a selective manner that is wholly arbitrary, irrational, and capricious such that the Plaintiffs were treated differently, without a legitimate government purpose, *from other similarly situated individuals and property owners*." (ECF No. 1 ¶¶ 27, 30, 40 (emphasis added)).

of Milford and various city officials for violating the Equal Protection Clause by, among other things, imposing greater requirements on the operation of his hookah lounge than those imposed on other businesses within the same plaza. *Id.* at \*1. The court found that even though plaintiff "fail[ed] to specifically name any businesses similarly situated to Plaintiff's that were treated more favorably by Defendants[,]" i*d*. at \*6, the plaintiff had identified a specific location, i.e., the plaza, in which he alleged that his business was being targeted by Defendants through the imposition of restrictions that no other business, past or present, had to abide by within the same plaza. *Id*. at \*1, \*6. Plaintiff also alleged that the property owner had written a letter to the defendant-City Planner in which he stated that the requirements imposed on the hookah lounge were not imposed on other businesses in that plaza. *Id*. at \*1, \*6. In addition, the plaintiff alleged that defendant-Chair of the Planning and Zoning Board commented at a meeting that "other, more acceptable businesses might open in the plaza[.]" *Id*. at \*6 (internal quotation marks omitted). In combination, these allegations were deemed adequate to identify the comparators with respect to the plaintiff's claims.

In contrast, as discussed above, Plaintiffs simply allege that other unnamed property owners within Stamford were treated more favorably. Plaintiffs point to no allegations in the complaint from which an actual comparator might be gleaned, even if by inference. Plaintiffs do not identify any specific location within the city in which this alleged disparity is apparent. Nor do Plaintiffs identify any property owners located in a C-N Zone who used their property for similar purposes but did not receive cease and desist orders.

Defendants' motion to dismiss Plaintiffs' Equal Protection claim is GRANTED.[3]

---

[3] Because Plaintiffs fail to sufficiently allege the existence of a comparator, the Court need not decide whether Plaintiffs adequately alleged malice.

In the alternative, Plaintiffs ask the Court for leave to replead their allegations with greater specificity.[4] Under Rule 15, Plaintiffs may amend their complaint if given leave to do so by the Court and the Court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, "[i]t is within the sound discretion of the district court to grant or deny leave to amend." *WC Capital Mgmt., LLC v. UBS Sec., LLC*, 711 F.3d 322, 334 (2d Cir. 2013) (internal quotation marks and citation omitted). Accordingly, the Court may deny leave to amend when there is a justifying reason such as undue delay and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the motion to dismiss was filed in November 2019. Plaintiffs had an opportunity at that time, as a matter of course, to amend their complaint in response to Defendants' motion to dismiss and to address the deficiencies raised in the motion. FED. R. CIV. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)[.]"). Despite the glaring inadequacies in the Complaint under the established Second Circuit precedent discussed above, Plaintiffs instead chose to defend their complaint and argue, incorrectly, that their claims should "'survive dismissal unless it appears beyond doubt that the plaintiffs can prove *no set of facts* in support of their claim which would entitle them to relief.'" (ECF No. 19 at 3 (citing *Gavlak v. Town of Somers*, 267 F. Supp. 2d 214, 217 (D. Conn. 2003) (emphasis added))).[5] As the outcome of the motion to dismiss was all but pre-ordained given the inadequacies of the pleading with respect to the identification of comparators in the complaint, the decision to litigate the issue rather than simply identify the relied upon comparators supports an inference that the Plaintiffs had not, at the time they filed the complaint, identified any such comparators. With respect to the allegations that the Plaintiffs were treated differently than similarly situated property owners in Stamford, this was confirmed at oral

---

[4] The Court held oral argument on this limited issue on December 4, 2020.
[5] Of course, this pleading standard is no longer current law. *See Twombly*, 550 U.S. at 562–63.

argument. Indeed, to date, Plaintiffs are unable to identify any other Stamford property owners who are similar to them in all materials respects but with respect to whom different zoning enforcement decisions were made. Plaintiffs have had ample opportunity to find such comparators.

However, at oral argument, Plaintiffs asserted that they have uncovered evidence that employees of Defendant Stamford have discouraged Plaintiffs' customers from doing business with the Plaintiffs and in so doing are treating Plaintiffs differently than other (and perhaps all) contractors operating in Stamford. These similarly bare allegations, even if permitted by amendment, do not save the Plaintiffs' Equal Protection claim. They most assuredly bolster the claims brought under state law, i.e., the tortious interference with business expectations, and they would be probative of the issue of malice, had an Equal Protection claim otherwise been adequately pled. But these allegations do not identify these other contractors, let alone, in a fashion that would establish that they are similarly situated to the Plaintiffs in all material respects save for the litigation history. *See Albert v. Carovano*, 851 F.2d 561, 573 (2d Cir. 1988) (noting that, to support a selective enforcement claim, plaintiffs must specify instances "in which they were singled out for unlawful oppression in contrast to others similarly situated" (internal quotation marks, emphasis, and ellipses omitted)); *see*, *e.g.*, *Ruston*, 610 F.3d at 59 (dismissing *Olech* claim where plaintiffs merely alleged, without providing specific examples, that the town-defendants refused to consider the plaintiffs' subdivision application while they considered applications submitted by those similarly situated). Accordingly, Plaintiffs' request to replead their Equal Protection claim is DENIED.

**Substantive Due Process**

Plaintiffs allege that the Defendants' actions "denied the Plaintiffs their right to due process of law by wrongfully depriving Plaintiffs of their protected property interest in the ownership and

development of their property and business." (ECF No. 1 ¶ 47). In Plaintiffs' response to Defendant's motion to dismiss it appears that Plaintiffs narrow their Substantive Due Process theory to a deprivation of Plaintiffs' use of the Cove Road Property through the continued issuance of cease and desists orders, among other actions, by Defendants.

As a preliminary matter, Defendants argue that Plaintiffs' Substantive Due Process claim is subsumed by their Equal Protection claim. Indeed, "[i]t is now well established that, where another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision and not the more generalized notion of substantive due process." *Hu*, 927 F.3d at 104 (internal quotation marks omitted). And, as was the case in *Hu*, the Plaintiffs' Substantive Due Process "claim and Equal Protection claim both rest on the same set of factual allegations, namely:" that the Defendants selectively enforced the zoning regulations and made unfavorable permitting decisions due to personal animus towards the Plaintiffs. *Id*. However, because the Court finds below that Plaintiffs' Substantive Due Process claim must, in any event, be dismissed, the Court does not address the parties' arguments on this issue and does not decide whether Plaintiffs' Substantive Due Process claim is subsumed by their Equal Protection claim.

To establish a violation of their Substantive Due Process rights, Plaintiffs must show that (1) "a constitutionally cognizable property interest is at stake" and (2) that the Defendants' "alleged acts against their land were arbitrary, conscience-shocking, or oppressive in the constitutional sense, not merely incorrect or ill-advised." *Ferran v. Town of Nassau*, 471 F.3d 363, 369–70 (2d Cir. 2006) (internal quotation marks omitted). Importantly, "[s]ubstantive due process is an outer limit on the legitimacy of governmental action." *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999). "It does not forbid governmental actions that might fairly be deemed arbitrary or

capricious and for that reason correctable in a state court lawsuit seeking review of administrative action." *Id*. Therefore, "[s]ubstantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Id*.

This is not that case. The Court does not minimize the significance of the issues to the parties themselves. But at the end of the day, although protracted, the dispute between these parties is a straight-forward, garden variety, zoning dispute between a landowner and a municipality. The issues raised can be, have been and should be brought to the state court for adjudication.

*Musco Propane, LLP v. Town of Wolcott* is instructive. No. 3:10-CV-1400 JCH, 2011 WL 3267756 (D. Conn. July 28, 2011). There, plaintiff-Musco Propane alleged that defendants-Town of Wolcott, its mayor, and its zoning authorities violated plaintiff's constitutional rights when plaintiff's zoning applications to expand its propane storage capacity were denied and it was ordered to cease and desist from any non-retail sale of propane on its property. *Id.* at *1. The court dismissed the substantive due process claims concluding that the allegations did "not support a plausible claim of outrageously arbitrary conduct or a gross abuse of authority." *Id*. at *7. In so holding, the court noted that plaintiff's allegations that the defendants' actions were "illegal, arbitrary, and capricious" were simply conclusory, and that plaintiff's more specific allegations, for example, that the defendants made decisions that were unsupported by the law, were "insufficient to distinguish the defendants' actions from the normal sort of erroneous decisions that are 'correctable in a state court lawsuit seeking review of administrative action.'" *Id*. (citing *Natale*, 170 F.3d at 263). In fact, the plaintiff had filed state court actions, which the court noted is "the appropriate forum for review of these allegedly erroneous zoning decisions." *Id*.

Similarly, Defendants' issuance of cease and desist orders, even in the context of a protracted litigation history, does not rise to the level of "arbitrary, conscience-shocking, or

oppressive [behavior] in the constitutional sense[.]" *Ferran*, 471 F.3d at 369–70 (internal quotation marks omitted).[6] Like the plaintiff's allegations in *Musco*, other than by conclusory allegations, Plaintiffs' factual allegations do not describe conduct by the Defendants so extraordinary "as to constitute a gross abuse of governmental authority." *Natale*, 170 F.3d at 263. Rather, Plaintiffs merely continue to maintain their ongoing disagreement with the Defendants' decisions regarding the permissible use of the Cove Road Property. Plaintiffs may be correct that the Defendants' actions were "incorrect or ill-advised," *Ferran*, 471 F.3d at 370, but such does not create a constitutional deprivation, *see Natale*, 170 F.3d at 263 (The Defendants' conduct "might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative action.").

Defendants' motion to dismiss the Substantive Due Process claim is therefore GRANTED.

**Personal Involvement of Individual Defendants**

Although the constitutional claims are subject to dismissal for the reasons discussed above, the Court also takes up the Defendants' additional argument that the claims against Defendants Blessing, Martin, Patterson, Figueroa, and Zelinsky (hereinafter, "individual defendants") should be dismissed. The Court does so in the event that an appellate tribunal returns either the Equal Protection claim or the Due Process claim to this Court for further proceedings. It is axiomatic that personal involvement in the alleged constitutional deprivation is a prerequisite to recovery under Section 1983. *See Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) ("[A] defendant in a §1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority."). Here, Plaintiffs make no allegations implicating the personal involvement of any of the individual defendants other

---

[6] In light of the Court's determination, the Court does not decide whether Plaintiffs plausibly alleged a constitutionally cognizable property interest, an additional issue raised by the Defendants.

than allegations that are wholly conclusory and, therefore, not entitled to an assumption of truth. *See Iqbal*, 556 U.S. at 681. For example, Plaintiffs allege as follows:

> At all relevant times during the last several years prior to and through the filing of this complaint, including after the *denial* of the City's motion for contempt in the State Court Action, **each of the named Defendants herein have acted in concert with one another, and each such Defendants have individually and actively aided, abetted, assisted, directed, supervised, controlled and participated** in the City's issuance of various violation letters and cease and desists orders concerning the Servidios' use of the Cove Road Property, as well as the filing of the motion for contempt in the State Court Action.

(ECF No. 1 ¶ 33 (bold emphasis added)). In contrast, with respect to Defendant Lunney, Plaintiff alleges, for example, "the City and/or Lunney have continually issued various violation letters and cease and desist orders concerning the Servidios' use of the Cove Road Property." (*Id*. ¶ 25). Plaintiffs do not make any similar allegations against the other individual defendants or identify any specific conduct by any of the individual defendants which might give rise to liability to the Plaintiffs. Accordingly, Plaintiffs' Section 1983 claims against Defendants Blessing, Martin, Patterson, Figueroa, and Zelinsky are dismissed. *See Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990) ("It is incumbent on a plaintiff to state more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive him of his constitutional rights."); *Aho v. Anthony*, 782 F. Supp. 2d 4, 7 (D. Conn. 2011) (dismissing Section 1983 claim against individual defendants where the only allegation against the individual defendants was that they were "acting in concert" with another person who was allegedly involved with the deprivation of plaintiff's constitutional rights).

**State Law Claims**

Because the Court dismisses Plaintiffs' federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim. 28 U.S.C. § 1367(c)(3) (A district court

"may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Equal Protection claim and Substantive Due Process claim is GRANTED with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim.

The Clerk of the Court is directed to enter judgment in favor of the Defendants as to the First and Second Causes of Action and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of December 2020.

                                             */s/ Kari A. Dooley*
                                            KARI A. DOOLEY
                                            UNITED STATES DISTRICT JUDGE